IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DAVID L. MEADOR,

       Petitioner,

v.                                                 Case No. CIV-06-0903 MCA/LAM

LESLIE JOHNSON, Administrator,
Curry County Adult Detention Center,[1]

       Respondent.

PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER is before the Court following Respondent's filing of a *Second Amended Response to Petition for Writ of Habeas Corpus* (*Doc. 34*) to Petitioner David Meador's amended *Petition for Writ of Habeas Corpus 28 U.S.C. § 2241* (*Doc. 3*) and the filing of *Respondents [sic] Response to Courts [sic] Order of 10/01/07* (*Doc. 40*).  Having reviewed the record of this case and relevant law, I conclude, for the reasons set forth below, that Mr. Meador has failed to exhaust the remedies available in state court with regard to his claims.  Accordingly, I recommend that Mr. Meador's amended petition, and this case, be dismissed without prejudice.  In addition, for the reasons set forth below, I recommend that Mr. Meador's *Motion for Declaratory Judgment* (*Doc. 28*) be denied.

---

[1]Within ten (10) days after a party is served with a copy of these Proposed Findings and Recommended Disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommended disposition.  A party must file any objections with the Clerk of the United States District Court for the District of New Mexico within the ten (10) day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.

*Background*

On October 3, 2006, Mr. Meador filed his amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (*Doc. 3.*) In this petition, Mr. Meador seeks relief from the state criminal charges brought against him under New Mexico's Sex Offender Registration and Notification Act for his alleged non-compliance with sex offender registration requirements. *See* N.M. Stat. Ann. § 29-11A-4 (2007). Mr. Meador argues that his detention pursuant to the Act violated the Ex Post Facto Clause of the United States Constitution. (*Doc. 3 at 2*.) According to Mr. Meador, the unconstitutional application of the Act entitled him to release from pretrial detention pursuant to 28 U.S.C. § 2241. *Id.* Although Mr. Meador was a pretrial detainee when he filed his amended petition, on December 18, 2006, pursuant to a plea and disposition agreement, he pled guilty to the state criminal charges against him. (*Doc. 34, Ex. B.*)

After Mr. Meador entered his guilty plea pursuant to the plea and disposition agreement, the Curry County District Court, Ninth Judicial District, entered a judgment and sentence against him on January 11, 2007. (*Doc. 34, Ex. E.*) On April 3, 2007, Mr. Meador filed a habeas corpus petition with the state district court. (*Doc. 40, Ex. A at 18.*) In that petition, Mr. Meador argued that he was entitled to "immediate release from custody because he has served his sentence to the New Mexico Department of Corrections." *Id.* On April 5, 2007, the Curry County District Court, Ninth Judicial District, entered an order that summarily dismissed Mr. Meador's habeas corpus petition. *Id. at 22.*

*Discussion*

Habeas corpus petitions are available to pretrial detainees under 28 U.S.C. § 2241, which applies to a person "in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him." *Dickerson v. Louisiana*, 816 F.2d 220, 224

(5th Cir. 1987).  A pretrial detainee's application for habeas corpus, therefore, arises under § 2241.

*Cf. Arter v. Gentry*, No. Civ. 04-574-FHS, 2006 U.S. Dist. LEXIS 26447 at *3 (E.D. Okla. April 20, 2006) (unpublished) ("Because petitioner is a pretrial detainee, the petition is construed as arising under 28 U.S.C. § 2241.").  Mr. Meador filed his petition under § 2241 while held as a pretrial detainee.  Mr. Meador then entered a guilty plea and was sentenced pursuant to a state court judgment.  Consequently, Mr. Meador, now a post-conviction inmate, appears to be challenging the validity of the judgment and sentence entered against him.  In the Tenth Circuit, "[p]etitions under § 2241 are used to attack the execution of a sentence, . . . in contrast to § 2254 habeas and § 2255 proceedings, which are used to collaterally attack the validity of a conviction and sentence."  *McIntosh v. United States Parole Comm'n.*, 115 F.3d 809, 811 (10th Cir. 1997) (citation omitted).  Thus, § 2254, rather than § 2241, serves as the appropriate avenue of review for Mr. Meador's collateral attack on the validity of his conviction and sentence.

While a district court may, under appropriate circumstances, recharacterize a petition filed pursuant to § 2241 as a petition filed pursuant to § 2254, such an action would be inappropriate in this case given Mr. Meador's failure to exhaust his state court remedies.[2]  *Cf. Davis v. Roberts*, 425 F.3d 830, 835 (10th Cir. 2005) (court may recharacterize habeas proceeding).  "A state prisoner is ordinarily not able to obtain federal habeas corpus relief 'unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of

---

[2]"[A] district court must follow certain procedures before recharacterizing pro se pleadings as claims under §§ 2254 or 2255 . . . ."  *Davis v. Roberts*, 425 F.3d 830, 835 (10th Cir. 2005).  Specifically, the district court "'must notify the *pro se* litigant that it intends to recharacterize the pleading, warn the litigant that [] recharacterization means that any subsequent § 2254 motion will be subject to the restrictions on second or successive motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2254 claims he believes he has.'"  *Clark v. Bruce*, 159 Fed. App'x. 853, 856 (10th Cir. 2005) (unpublished) (quoting *Castro v. United States*, 540 U.S. 375, 383 (2003)) (internal brackets and quotation marks omitted).

available State corrective process or [circumstances exist that render] such process ineffective to protect the rights of the [applicant].'" *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994) (quoting 28 U.S.C. § 2254(b)(1)); *see also Wilson v. Jones*, 430 F.3d 1113, 1118 (10th Cir. 2005) ("A habeas petitioner seeking relief under 28 U.S.C. § 2241 is generally required to exhaust state remedies."). "The exhaustion requirement is satisfied if the federal issue has been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534; *see also Bear v. Boone*, 173 F.3d 782, 785 (10th Cir. 1999) ("In order to fully exhaust state court remedies, a state's highest court must have had the opportunity to review the claim raised in the federal habeas petition."). Importantly, this exhaustion requirement "is satisfied if the highest court exercises discretion not to review the case." *Dever*, 36 F.3d at 1534.

Based on a review of the record in this case, it does not appear that Mr. Meador exhausted the available state court remedies or that the available state court procedures are ineffective to protect his federal constitutional rights. Mr. Meador states that he raised an Ex Post Facto challenge to the application of the Sex Offender Registration and Notification Act. According to Mr. Meador, he challenged "the constitutionality of the retroactive application of charged [sic] statute as violating" the Ex Post Facto clause at the pretrial conference held on October 5, 2006.[3]  (*Doc. 18 at 1.*) Mr. Meador states that he again raised this challenge to the Act at a hearing on October 19, 2006.

_____

[3] In his ***Motion to Strike Defense*** (*Doc. 16*) and his ***Reply of [sic] Motion to Strike*** (*Doc. 18*), Mr. Meador lists four separate dates on which he claims that he raised an Ex Post Facto challenge to the constitutionality of the Act. In his motion to strike, Mr. Meador states that he raised this challenge on November 5, 2006, and November 18, 2006. (*Doc. 16 at 1.*)  In his reply, however, Mr. Meador states that he raised the challenge on October 5, 2006, and October 19, 2006. (*Doc. 18 at 1-2.*)  A review of the state proceedings against Mr. Meador reveals that hearings took place in 2006 on October 5 and October 19 but not on November 5 or November 18. The Court will assume that Mr. Meador's mistaken recollection best explains this inconsistency and that Mr. Meador raised his Ex Post Facto challenge before the state district court on October 5 and October 19.

(*Doc. 18 at 2.*)   According to Mr. Meador, the district court ultimately rejected this challenge. (*Doc. 18 at 2.*)   Mr. Meador also filed a state petition for habeas corpus on April 3, 2007. (*Doc. 40, Ex. A at 18.*)   This petition, however, was summarily dismissed by the district court. (*Doc. 40, Ex. A at 22.*)   Moreover, Mr. Meador's state habeas petition sought only "his immediate release from custody" based on his time served "to the New Mexico Department of Corrections." (*Doc. 40, Ex. A at 18.*)   Mr. Meador's state habeas petition, therefore, does not appear to have raised the same issues as those raised in his federal habeas petition. (*Doc. 3.*)

Mr. Meador does not appear to have pursued to completion either a direct appeal of the state court judgment and sentence or an appeal of the summary dismissal of his state habeas corpus petition.   In his *Affidavit* filed on April 30, 2007, Mr. Meador stated that he "filed Notice of Appeal but heard nothing of [sic] the Courts." (*Doc. 25 at 1.*)   Mr. Meador does not specify whether his Notice of Appeal was filed as a direct appeal of the judgment and sentence entered against him or if it was rather an appeal of the district court's summary dismissal of his habeas corpus petition.[4] Regardless of whether filed as a direct appeal, or as an appeal of the summary dismissal of his habeas corpus petition, Mr. Meador's Notice of Appeal does not satisfy the requirement that he exhaust his state court remedies.   If filed as an appeal of his state habeas corpus petition, Mr. Meador's Notice of Appeal would fail to satisfy the exhaustion requirement because Mr. Meador's state habeas petition omitted any reference to his claim under the Ex Post Facto clause.[5] If filed as a direct appeal

---

[4]There is no copy of a notice of appeal in the record of Mr. Meador's state criminal proceeding provided to the Court.

[5]In an order filed on October 1, 2007, I instructed Respondent to "file with the Court, **on or before October 13, 2007**, the **entire** file from Mr. Meador's state habeas petition, including a complete record of any related appellate proceedings, or, in the alternative, a response to this order certifying that *Exhibits G and H* attached to *Document 34* constitute the entire file from Mr. Meador's state habeas petition, including records of any related

(continued...)

of the state court judgment and sentence, Mr. Meador's Notice of Appeal would similarly fail to satisfy the exhaustion requirement because there is no indication that the federal Ex Post Facto issue has been presented to the state's highest court.[6]  *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992) ("[A] state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted available state remedies."); *see also Pinkey v. Ortiz*, 213 Fed. App'x. 678, 679 (10th Cir. 2007) (unpublished) ("In order to bring a habeas claim under § 2241, [Petitioner] must show that she has exhausted her state-court remedies . . . .  The burden of exhaustion rests on the petitioner."); *Negron v. Neet*, 37 Fed. App'x. 400, 401-02 n. 2 (10th Cir. 2002) ("[Petitioner] has not provided this court with copies of any of the [state] court actions that he mentions in his brief on appeal, thus making evaluation of his claims exceedingly difficult.").  Absent presentation of his federal claim to the highest state court, either by direct appeal of the conviction or in a post-conviction attack, Mr. Meador's available state court remedies remain unexhausted.

---

(...continued)

appellate proceedings." (*Doc. 39 at 2.*)  Respondents filed a Response stating that "[i]n Response to this Court's Order of 10/01/07, [Respondent's counsel] requested a copy of the entire Court file from the District Court of Curry County in cause number D-0905-CR-0200600802." (*Doc. 40 at 1.*)  Based on a review of this file, attached as *Exhibit A* to Respondent's response (*Doc. 40*), it appears that the eighteenth and twenty-second pages of *Exhibit A* attached to *Document 40* constitute the entire file from Mr. Meador's state habeas corpus petition and indicate that Mr. Meador did not raise the Ex Post Facto challenge as part of his state habeas corpus petition.

[6]The state court docket in Mr. Meador's state criminal proceeding, as it appears on the New Mexico State Judiciary public website at http://www.nmcourts.com, provides no indication of a pending direct appeal. *See Binford v. United States*, 436 F.3d 1252,1256 n.7 (10th Cir. 2006) (providing that a court may take judicial notice of facts that are a matter of public record); *Stack v. McCotter*, 79 Fed. App'x. 383, 391-92 (10th Cir. 2003) (unpublished) (federal court may take judicial notice of docket sheet in related state court proceeding).

*Motion for Declaratory Judgment*

Also before the Court is Mr. Meador's ***Motion for Declaratory Judgment*** (*Doc. 28*) to which

Respondent failed to respond.  Having considered the motion, the record of this case and relevant

law, I recommend that the motion be denied.

In his motion, Mr. Meador appears to seek a declaratory judgment pursuant to the

Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, declaring that the application of New Mexico's

Sex Offender Registration and Notification Act to him in his state criminal case is unconstitutional

under the Ex Post Facto clause of the United States Constitution.  (*Doc. 28 at 1.*)  Thus, the

constitutional issue presented in Mr. Meador's declaratory judgment motion appears to be identical

to the constitutional issue presented in his amended federal habeas petition.  Assuming, without

deciding, that Mr. Meador can properly assert a federal claim for declaratory relief by filing a motion,[7]

I conclude that Mr. Meador may not seek relief on his constitutional claim under the

Declaratory Judgment Act as a substitute for a habeas proceeding and, therefore, his motion for

declaratory judgment should be denied.  *See Parker v. Reno*, No. 00-6171, 2000 WL 1531772, at *2

(10th Cir. Oct. 17, 2000) (unpublished) (holding that the Declaratory Judgment Act did not allow an

inmate to resolve issues that were actually addressed, or could have been addressed, in prior habeas

actions).  In *Parker*, the Tenth Circuit noted that "circuit courts have held that the

Declaratory Judgment Act may not be used as a substitute for habeas corpus, coram nobis, or other

such procedures," and that the Supreme Court, in *Calderon v. Ashmus*, 523 U.S. 740, 745-49 (1998),

"has held that the Declaratory Judgment Act may not be used to resolve a collateral legal issue

---

[7]Relief under the Declaratory Judgment Act requires "the filing of an appropriate pleading."
28 U.S.C. § 2201(a).

governing certain aspects of a habeas proceeding." *Parker*, 2000 WL 1531772, at *2 (internal quotation marks and citations omitted).  I find it especially important that Mr. Meador not be allowed to litigate his Ex Post Facto claim under the Declaratory Judgment Act because he has not exhausted available state court remedies with regard to his claim, as required by 28 U.S.C. §2254(b)(1)(A).  Mr. Meador should not be allowed to bypass the statutory exhaustion requirement simply by bringing his claim under the Declaratory Judgment Act.  The Supreme Court discussed this issue in *Calderon* when it stated that:

> The disruptive effects of an action such as this [for declaratory judgment] are peculiarly great when the underlying claim must be adjudicated in a federal habeas proceeding.  For we have held that any claim by a prisoner attacking the validity or duration of his confinement must be brought under the habeas sections of Title 28 of the United States Code.  *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S.Ct. 1827, 1841-1842, 36 L.Ed.2d. 439 (1973).  As that opinion pointed out, this means that a state prisoner is required to exhaust state remedies before bringing his claim to a federal court. *Id.*, at 489-91 . . . .  But if respondent Ashmus is allowed to maintain the present action, he would obtain a declaration [on an issue which must be brought] in a federal habeas action without ever having shown that he has exhausted state remedies.  This aberration illustrates the need . . . to prevent federal-court litigants from seeking by declaratory judgment to litigate a single issue in a dispute that must await another lawsuit for complete resolution."

*Id.* at 747-48.  Consequently, I conclude that Plaintiff's motion for declaratory judgment should be denied.

### Conclusion

For the reasons stated above, I recommend that Mr. Meador's amended **Petition for Writ of Habeas Corpus 28 U.S.C. § 2241** (*Doc. 3*), and this case, be dismissed without prejudice for failure to exhaust available state court remedies.  I further recommend that Mr. Meador's **Motion for Declaratory Judgment** (*Doc. 28*) be denied.

*Lourdes A. Martínez*

**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**